Aneliya M. Angelova
Andrew H. Yang
ANGELOVA LAW FIRM, LLC
10 000 LINCOLN DR. EAST
SUITE 201
MARLTON, NEW JERSEY 08053
Tel: (609)-271-3573
Fax: (609)-257-4115
Attorneys for Plaintiffs and the putative class

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARTCHELA POPOVA MLADENOV, MLADEN MLADENOV, CHAN M. MAO, on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br><br>vs.<br><br><br><br>WEGMANS FOOD MARKETS, INC.; ABC-CORPS 1-10 (fictitious entities),<br><br>        Defendant | DOCKET NO.:  1:15-cv-00373-JEI-AMD<br><br><br>**FIRST AMENDED**<br>**CLASS ACTION**<br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Martchela Popova Mladenov, Mladen Mladenov and Chan M. Mao, by and through their counsel, bring this Class Action Complaint against Wegmans Food Market Group, Inc., (hereinafter "Defendant" or "Wegmans") on behalf of themselves and all others similarly situated, and allege, upon personal knowledge as to their own actions and their counsel's investigations, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This matter was initially filed in the Superior Court of New Jersey, Camden County. Thereafter, Defendant removed the matter to this Court pursuant to the Class Action Fairness Act of 2005, 28 *U.S.C.* §1332.

2. The Court has personal jurisdiction over Defendant because Defendant is authorized to, and conducts, substantial business in the State of New Jersey.

3. Venue in this action properly lies in the District of New Jersey pursuant to 28 *U.S.C.* § 1391.

## PARTIES

4. Plaintiff Martchela Popova Mladenov (hereinafter "Ms. Mladenov") resides at 14 Sycamore Ct., Lumberton, County of Burlington, State of New Jersey, 08048.

5. Plaintiff Mladen Mladenov (hereinafter "Mr. Mladenov") resides at 14 Sycamore Ct., Lumberton, County of Burlington, State of New Jersey, 08048.

6. Plaintiff Chan M. Mao (hereinafter "Ms. Mao") resides at 333 State Street, Cherry Hill, County of Camden, State of New Jersey, 08002.

7. Defendant Wegmans Food Market, Inc. (hereinafter "Defendant") is a New York for profit corporation with a principal place of business located at 1500 Brooks Avenue, Rochester, New York 14603. Defendant is in the business of manufacturing, distributing, advertising, marketing, and selling bread and bakery products to consumers in the State of New Jersey.

8. ABC-CORPS, 1-10, are fictitious names for one or more corporations, partnerships and/or business entities whose identities are presently unknown but will be determined

during the course of pretrial discovery which advertised, promoted and/or sold bread and/or bakery products as alleged herein.

9.  Plaintiffs purchased Defendant's bread and bakery products in New Jersey on a regular basis over the past six years. Defendant made representations that its bread and bakery products were store baked and/or fresh. These representations were material to Plaintiffs' decision to purchase the products. Plaintiffs were willing to pay for the products because of Defendant's representations that they were "store baked" and/or "fresh" and would not have purchased the products, and/or would not have paid as much for the products, and/or would have purchased alternative products in absence of the representations.

## FACTUAL ALLEGATIONS

10. In recent years, consumers have become more willing to pay a premium for food that they perceive to be healthy, organic, non-processed and fresh. As a result, the market for healthy or fresh foods has grown rapidly, yielding billions of dollars in revenue for food manufacturers and distributors.

11. Defendant is in the business of manufacturing, distributing, marketing, advertising and selling of various bread and bakery goods including but not limited to bread, bagels, croissants, cookies, cakes, pies, muffins, and rolls.

12. Defendant maintains seven (7) Wegmans stores in the State of New Jersey.

13. Defendant placed conspicuous in-store signs such as "STORE BAKED ROLLS," which advertise and suggest that the bread and bakery products are made in Defendant's stores.

14. Defendant's website also advertises and lists one hundred and fourteen (114) types of bread and bakery products under the category "Bread, Fresh Baked." Additionally, the

website also advertises and lists "In-Store Baked" products. These advertisements suggest that the products are made in store and/or they are fresh.

15. In addition to the "store baked" and/or "fresh baked" bread and bakery products, Defendant distributes and/or sells prepackaged bread and bakery products. Defendant charges a premium price for the "store baked" and/or "fresh baked" bread and bakery products. In comparison, Defendant sells its prepackaged bread and/or bakery products that are not "store baked" and/or "fresh baked" at a substantially lower price.

16. Upon information and belief, Defendant's "store baked" and "fresh baked" advertisement signs are false, deceptive and/or misleading because the bread and bakery products are 1) made, parbaked and/or frozen by Defendant, its subsidiaries, another vendor or manufacturer; and/or 2) delivered frozen, parbaked or premade, and re-baked or re-heated for sale; and/or 3) not made in store.

17. Defendant misleads and deceives consumers, including the named Plaintiffs and the other members of the Class, by portraying a product that was made, prebaked, parbaked and/or frozen as "store baked" and/or "fresh."

18. Defendant's conduct harms consumers because it falsely advertises the product as "store baked" and/or "fresh" and/or made from scratch by Defendant.

19. Defendant's misrepresentations induced Plaintiffs and other members of the Class to pay a premium price for the products.

20. Plaintiffs are health conscious individuals who are willing to pay a premium price for bread and bakery products freshly made in store.

21. Plaintiffs would not have purchased the bread and bakery products, would not have paid as much for the products, or would have purchased alternative products in absence of Defendant's misleading advertisements.

22. As a result of Defendant's misrepresentation, false, misleading and/or deceptive advertising, Plaintiffs and the class have suffered an ascertainable loss of money.

23. Defendant continues to misleadingly and falsely advertise its products as "store baked," and/or "fresh baked."

24. Plaintiffs bring claims against Defendant individually and on behalf of a statewide class of all other similarly situated purchasers of the Bakery Products for violations of the New Jersey Consumer Fraud Act, *N.J.S.A.* §56:8-1 *et seq.* (hereinafter "CFA"); the New Jersey Truth-in-Consumer Contract Warranty and Notice Act, *N.J.S.A.* §56:12-14 *et seq.* (hereinafter "TCCWNA"); and breach of Defendant's express warranty. Specifically, Plaintiffs allege that Defendant engaged into deceptive, false, misleading, fraudulent and unconscionable commercial practices in the sale, marketing, and/or advertising of bread and bakery products.

## <u>CLASS ACTION ALLEGATIONS</u>

25. Plaintiffs bring this class action pursuant to *Fed. R. Civ. P.* 23(a) and/or 23(b), on behalf of themselves and the class defined as:

> **All individuals and entities within the State of New Jersey who purchased bread and/or bakery products advertised and sold as "store baked" and/or "fresh baked" in a Wegmans store located in New Jersey on or after December 14, 2008.**
>
> **Excluded from the Class are Defendant, its employees, subsidiaries and affiliates, Defendant's executives, board members, and legal counsel.**

26. Plaintiffs also bring this action as a class action pursuant to *Fed. R. Civ. P.* 23(a) and/or 23(b), on behalf of a sub-class defined as:

> **All individuals and entities within New Jersey who purchased bread and/or bakery products advertised and sold as "store baked" and/or "fresh baked" in a Wegmans store located in New Jersey, using a credit card, debit card on or after December 14, 2008.**
>
> **Excluded from the Class are Defendant, its employees, subsidiaries and affiliates, Defendant's executives, board members, and legal counsel.**

27. Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or division into subclasses after they have had an opportunity to conduct discovery.

28. Defendant has engaged into deceptive, false, misleading, fraudulent and/or unconscionable commercial practices in the sale and marketing of the products by using the following misrepresentations of fact, advertisement and/or signs: "Bread, Fresh Baked" and "Store Baked Rolls."

29. Numerosity. Under *Fed. R. Civ. P.* 23(a)(1), the class and sub-class for whose benefit this action is brought are so numerous that joinder of all members is impracticable. While the precise number of Class members has not been determined at this time, Plaintiffs believe that the proposed class is composed of over 10,000 consumers and the proposed sub-class is composed of at least 5000 consumers.

30. Commonality. Under *Fed. R. Civ. P.* 23(a)(2), there are common questions of law and fact affecting the rights of the class and subclass members, including, *inter alia*, the following:

a. Whether Defendant sold certain bread and bakery products falsely advertising them as "store baked" and/or "fresh baked" when Defendant actually did not make these products in store and/or did not make these products at all;

b. Whether Defendant sold certain bread and bakery products that were no made in store while Defendant falsely advertised these products as "store baked."

c. Whether Defendant advertised and sold bread and bakery products as "store baked" and/or "fresh baked" when they were made elsewhere and subjected to freezing.

d. Whether Defendant's act in placing signs in its store such as "STORE BAKED ROLLS" is a false, misleading or deceptive affirmative representation of fact in violation of *N.J.S.A.* §56:8-2, the New Jersey Consumer Fraud Act;

e. Whether Defendant's act in advertising certain bread and bakery products as "FRESH BAKED" is a false, misleading or deceptive affirmative representation of fact in violation of *N.J.S.A.* §56:8-2, the New Jersey Consumer Fraud Act;

f. Whether Defendant's act in placing signs in its store such as "STORE BAKED ROLLS" is a false, misleading or deceptive affirmative representation of fact in violation of *N.J.S.A.* §56:12-14, the New Jersey Truth in-Consumer Contract Warranty and Notice Act;

g. Whether Defendant's act in advertising certain bread and bakery products as "Fresh Baked" is a false, misleading or deceptive affirmative representation of fact in violation of *N.J.S.A.* §56:12-14, the New Jersey Truth in-Consumer Contract Warranty and Notice Act;

h. Whether Defendant's act in placing signs in its stores such as "STORE BAKED ROLLS" violated New Jersey law regarding express warranty;

i. Whether Plaintiffs and the class are entitled to an order for declaratory and injunctive relief directing Defendant to participate in a court-supervised program of refund and/or removing advertisements such as "STORE BAKED ROLLS" and "FRESH BAKED."

j. Whether the members of the Class have sustained damages and, if so, the proper measure of such damages.

31. <u>Typicality.</u> Under *Fed. R. Civ. P.* 23(a)(3), Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all Class members were exposed to uniform practices and sustained an ascertainable loss arising out of and caused by Defendant's unlawful conduct.

32. <u>Adequacy of Representation.</u> Under *Fed. R. Civ. P.* 23(a)(4), Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class, having

retained qualified and competent legal counsel to represent themselves and the class and sub-class.

33. <u>Injunctive and Declaratory Relief.</u> Under *Fed. R. Civ. P.* 23(b)(2), Defendant's misrepresentations are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

34. <u>Superiority of Class Action.</u> Under *Fed. R. Civ. P.* 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of more than 10,000 members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

## FIRST COUNT

### THE NEW JERSEY CONSUMER FRAUD ACT
### *N.J.S.A.* §56:8-1 *et seq.*

35. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully pled herein.

36. Plaintiffs are "persons" as defined by *N.J.S.A.* §56:8-1(d).

37. Defendant is a "person" as defined by *N.J.S.A.* §56:8-1(d).

38. Defendant's bakery products are "merchandise" as defined by *N.J.S.A.* §56:8-1(c).

39. The New Jersey Consumer Fraud Act (hereinafter "CFA"), therefore, applies to Defendant's conduct, including but not limited to Defendant's advertisement, marketing, and/or sales of its bread and/or bakery products in the State of New Jersey.

40. CFA provides that:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been mislead, deceived or damaged thereby, is declared an unlawful practice.

[*N.J.S.A.* §56:8-1 *et seq.*]

41. Specifically, the CFA provides:

It shall be an unlawful practice for any person to misrepresent on any menu or other posted information, including advertisements, the identity of any food or food products to any of the patrons or customers of eating establishments including but not limited to restaurants, hotels, cafes, lunch counters or other places where food is regularly prepared and sold for consumption on or off the premises.

[*N.J.S.A.* §56:8-2.9.]

42. Acts constituting misrepresentation of identity of food are:

a. Its description is false or misleading in any particular;
b. Its description omits information which by its omission renders the description false or misleading in any particular;
c. It is served, sold, or distributed under the name of another food or food product;
d. It purports to be or is represented as a food or food product for which a definition of identity and standard of quality has been established by custom and usage unless it conforms to such definition and standard.

[*N.J.S.A.* §56:8-2.10.]

43. By the acts alleged herein, Defendant has violated the CFA.

44. Specifically, the posted signs or descriptions of Defendant's products suggest that they were made in store. The posted signs and/or product description misrepresent the origin of the bread.

45. The posted signs and/or product description mislead consumers and lead them to believe that Defendant's products were made in store when in fact many of Defendant's products are made elsewhere, delivered frozen or subjected to any form of thermal processing or any other form of preservation, and reheated or re-baked immediately before sale.

46. Plaintiffs and other similarly situated consumers purchased Defendant's products without knowing that some of these products were in fact made, processed and/or frozen by Defendant, its subsidiaries, another vendor or manufacturer.

47. Plaintiffs would not have purchased the bread and bakery products from Defendant had they known that the products were not "store baked" and/or "fresh" as Defendant falsely advertised.

48. Plaintiffs have suffered an ascertainable loss arising from Defendant's violation of the CFA. Plaintiffs' ascertainable loss is equal to the amount of money they spent on the bread and bakery products that they would not have purchased had the accurate information been properly disclosed to them.

49. All members of the Class suffered the same type of ascertainable loss as Plaintiffs.

50. Plaintiffs and all those similarly situated are entitled to a refund of all money spent on the purchase of the bread and bakery products falsely advertised as "store baked" and/or "fresh" pursuant to *N.J.S.A.* §56:8-2.11.

## SECOND COUNT

### BREACH OF EXPRESS WARRANTY

51. Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

52. By operation of New Jersey law, Defendant entered into a contract with each Plaintiff and class member when the member purchased Defendant's bread and/or bakery product.

53. By operation of New Jersey law, the terms of this contract included an express warranty incorporating the identical affirmation, promise and description by Defendant regarding its products.

54. Specifically, Defendant's express warranty posted on its store signs or website affirms that the bread and bakery products were made in store and/or fresh.

55. The relevant terms and language of the express warranty between Defendant and each member of the class are identical.

56. Because Defendant does not make the bread and/or bakery products in question in store, the "store baked" affirmation is false and misleading.

57. Additionally, the Code of Federal Regulation (CFR) precludes the use of the term "fresh" for frozen products. Under the CFR,

> The term "fresh," when used on the label or in labeling of a food in a manner that suggests or implies that the food is unprocessed, means that the food is in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation[.]
>
> [21 CFR 101.95(a).]

58. Therefore, Defendant's "fresh" affirmation is false and misleading.

59. Defendant's false affirmation of fact constitutes breach of the express warranty.

60. Defendant has breached the terms of this express warranty in an identical manner for each class member because the bread and/or bakery products did not and could not conform to the affirmation, promise and description on Defendant's in-store signs or website.

61. As a direct and proximate result of this breach of express warranty by Defendant, each member of the class has suffered economic loss.

## THIRD COUNT

## INJUNCTIVE AND DECLARATORY REILEF UNDER THE NEW JERSEY DECLARATORY JUDGMENTS ACT
### N.J.S.A. 2A:16-51 *et seq.*

63. Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

64. Plaintiffs and the class need, and are entitled to, a declaration that certain signs or descriptions that the bread and bakery products as "store baked" and/or "fresh baked" are inaccurate.

65. Each Plaintiff and class member has a significant interest in this matter. Specifically, each Plaintiff and class member has an interest in knowing the bread and bakery products' origin.

66. A justifiable controversy was presented in this case, rendering declaratory judgment appropriate.

67. In addition, because the unlawful uniform conduct of Defendant continues, and its on-going, the class also needs, and is entitled to, an order enjoining Defendant from selling any pre-baked, frozen bread and/or baked product or bread and bakery products not made in a Wegmans store, with any labeling, signs, descriptions, or packaging suggesting that the products are either baked in store or fresh.

68. Defendant shall be enjoined from its unlawful practices which include but are not limited to: a) inducing consumers to purchase bread and bakery based on false and/or misleading advertisement; b) inducing consumers to purchase bread and bakery products by concealing material facts; c) misleading consumers to pay a premium price for certain products by posting or proffering misleading and/or false advertising signs or descriptions; and d) profiting from its unlawful actions.

<u>**FOURTH COUNT**</u>

**THE NEW JERSEY TRUTH-IN-CONSUMER
CONTRACT WARRANTY AND NOTICE ACT
*N.J.S.A.* §56:12-14 *et seq.***

69. Plaintiffs incorporate all preceding paragraphs of this Complaint as though fully pled herein.

70. Plaintiffs are "individuals" within the meaning of the TCCWNA.

71. Defendant is a "seller" within the meaning of the TCCWNA.

72. Defendant's bread and/or bakery goods are "property" within the meaning of the TCCWNA.

73. Defendant's in-store signs and advertisements are "signs" within the meaning of the TCCWNA.

74. Defendant entered into a contract with each Plaintiff and class member when they purchased Defendant's products in New Jersey.

75. The New Jersey Truth-in-Consumer Contract Warranty and Notice Act, *N.J.S.A.* §56:12-14 *et seq.* (hereinafter "TCCWNA") provides that:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes.

> [*N.J.S.A.* §56:12-15.]

76. Defendant's violations of the CFA further violate Plaintiffs' rights under the TCCWNA.

77. Specifically, Defendant's signs falsely advertising its products as made in store violate Plaintiffs' established legal rights under the CFA.

78. Hence, the offer extended by Defendant's misleading signs constitutes the affirmative act that triggers the TCCWNA.

79. As a result, Plaintiffs have suffered damages arising from Defendant's violation of the TCCWNA. Plaintiffs' damages are equal to the amount of money they spent for the Bakery Products.

80. Furthermore, each class member is entitled to a $100 statutory penalty under the TCCWNA, *N.J.S.A.* §56:12-17.

81. All members of the Class also suffered the same type of damages as Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this court:

a. Certify the proposed class as a class action pursuant to *Fed. R. Civ. P.* 23(c);

b. Enter an order for injunctive and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d. The remedies provided for under any state statutes pled in this Complaint, including but not limited to treble damages pursuant to *N.J.S.A.* §56:8-19, recovery of ascertainable losses for loss of money and/or property pursuant to *N.J.S.A.* §56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by *N.J.S.A.* §56:8-2.11 and §56:8-2.12, all statutory/equitable remedies afforded by *N.J.S.A.* §56:8-1 *et seq.*;

e. Award Plaintiffs reasonable attorneys' fees and costs pursuant to *N.J.S.A.* §56:8-19 and §56:12-17;

f. Award each class member a $100 statutory penalty under *N.J.S.A.* §56:12-17;

g. Grant such other and further legal and equitable relief as the court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: March 12, 2015

/s/ *Aneliya M. Angelova*
Aneliya M. Angelova
Andrew H. Yang
**ANGELOVA LAW FIRM, LLC**
10 000 Lincoln Dr. East
Suite 201
Marlton, New Jersey 08053
Tel: (609)-271-3573
Fax: (609)-257-4115
angelova@angelovalaw.com

Christian K. Lassen II
**LASSEN LAW FIRM**
10 000 Lincoln Dr. East
Suite 201
Marlton, New Jersey 08053
Tel: (856)-685-3820
chris@injurylawyerphiladelphia.com

Carlo Scaramella
**LAW OFFICES OF CARLO SCARAMELLA, LLC**
10 000 Lincoln Dr. East
Suite 201
Marlton, New Jersey 08053
Tel: (856)-914-0114
Fax: (856)-914-0117
cs@lawofcs.com
